UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES AND FIDUCIARIES      :
of UNITE HERE HEALTH;         :        HONORABLE JOSEPH E. IRENAS
UNITE HERE HEALTH;            :     CIVIL ACTION NO. 11-5872 (JEI/AMD)
TRUSTEES AND FIDUCIARIES      :
of the UNITE HERE LOCAL 54    :           **OPINION**
SEVERANCE TRUST FUND;         :
UNITE HERE LOCAL 54           :
SEVERANCE TRUST FUND; and     :
UNITE HERE LOCAL 54,          :
                              :
          Plaintiffs,         :
                              :
     v.                       :
                              :
RESORTS INTERNATIONAL         :
HOTEL, INC.; RAC ATLANTIC     :
CITY HOLDINGS, LLC; and       :
TRIMONT REAL ESTATE           :
ADVISORS, INC.,               :
                              :
          Defendants.         :


**APPEARANCES:**

CLEARY & JOSEM, LLP
One Liberty Place
1650 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
          Counsel for Plaintiff


**IRENAS**, Senior District Judge:

     In this suit Plaintiffs seek to collect delinquent employee
benefit fund contributions from Defendant Resorts International
Hotel, Inc. ("RIH"), and to enforce an arbitration award granting
amounts due under the parties' collective bargaining agreement.
RIH has not appeared in this action; and on March 9, 2012, the

Clerk of Court entered default against it.  Plaintiffs presently
ask this Court to enter against RIH judgment by default in excess
of $3 million.  The Court held a oral argument on the Motion on
July 25, 2012, at which time it asked Plaintiffs' counsel to
submit a supplemental brief in support of the Motion.  The Court
has now considered Plaintiffs' supplemental submissions, and for
the reasons stated herein, the Motion will be granted.[1]

## I.

Plaintiff UNITE HERE Local 54 is a labor union which was a
party to a collective bargaining agreement with Defendant RIH
from 2004 until 2011.  In the collective bargaining agreement
("CBA"), RIH agreed to make certain monthly contributions to
Plaintiffs UNITE HERE Health Fund and UNITE HERE Severance Fund.
(Amend. Compl. Ex. A, B)  RIH allegedly failed to make
contributions in October, November, and December of 2010. (Amend.
Compl. ¶¶ 31, 45)[2]

Then, according to the Amended Complaint, "on or about

---

[1]   The Court exercises federal question subject matter
jurisdiction pursuant to 28 U.S.C. § 1331.

[2]   The Amended Complaint alleges that RIH defaulted on its
obligations to the Health Fund by failing to make contributions
for September, October, November, and December 2010.  (Compl. ¶
31; emphasis added)  However, the inclusion of September appears
to be a mistake.  The Arbitration Award and Opinion does not
address any default on September obligations, and Plaintiffs'
supporting documentation in this action does not include
September obligations.

2

December 6, 2010, RIH closed its business and instituted a lay-off of [UNITE Here's] members." (Amend. Compl. ¶ 53)  RIH sold the business to DGMB Casino, LLC which "began operations on the same day-- December 6, 2010.  The business transitioned seamlessly [and] continued to operate as normal." (DeCaprio Aff. ¶ 4)  "Some" of the laid-off employees "were immediately hired by DGMB" and continued to work at the casino.  (Id. ¶ 6)[3]  However, DGMB did not assume the CBA and many employees were paid less money.  (Id.)

Plaintiffs assert that during the lay-off RIH "violated multiple articles of the relevant CBA" and "multiple" "grievances" were subsequently submitted to binding arbitration through the American Arbitration Association.  (Amend. Compl. ¶¶ 54, 56-58)  An arbitration hearing was held on May 25, 2011. (Amend. Compl. ¶ 63; Ex. G)  RIH appeared at the hearing, represented by Fox Rothschild, LLP.  (Id.)

In an Award and Opinion dated June 24, 2011, Arbitrator James Mastriani found for UNITE HERE on all grievances and directed RIH to pay the following sums of money to UNITE HERE:

- Lump sum $1500.00 due for 740 employees                $1,108,500.00

- Accrued vacation owed        $773,633.35

- Health and Welfare

---

[3] Exhibit A to the DeCaprio Affidavit indicates that 756 laid-off employees were re-hired by DGMB.

```
         contributions owed                $987,838.95

  •      Severance Fund contributions       $3,452.95

  •      Pension contributions            $227,283.49

  •      Ivelesse Gonzalez[4]               $1,856.01

         Total                          $3,102,564.75
```

(Amend. Compl. Ex. G, p. 8)

Plaintiffs allege "RIH has failed and refused to comply with the final and binding Arbitrator's Award." (Amend. Compl. ¶ 72)

This lawsuit followed.  Count 1, entitled "Plaintiff Health Fund v. RIH-- ERISA," seeks to recover "unremitted principal contributions" to the Health Fund for October, November and December 2010, along with interest, liquidated damages, and collection costs (including attorney fees) (Amend. Compl. ¶¶ 31-39).

Count 2, entitled "Plaintiff Severance Fund v. RIH-- ERISA," seeks to recover "unremitted principal contributions" to the Severance Fund for November and December 2010, along with interest, liquidated damages, and collection costs (including attorney fees) (Amend. Compl. ¶¶ 45-51).

Count 3, entitled "Plaintiff UNITE HERE, Local 54 v. RIH-- Enforcement of Arbitration Award," seeks enforcement of the Arbitrator's Award pursuant to the Taft-Hartley Act, 29 U.S.C. §

---

[4]  Ivelesse Gonzalez is a Union member whom the arbitrator found was wrongfully denied vacation pay.

185 (Amend. Compl. ¶ 5).

Plaintiffs acknowledge that Count 3 overlaps somewhat with Counts 1 and 2 insofar as the Arbitrator awarded UNITE HERE delinquent contributions, interest and liquidated damages for the same periods covered by Counts 1 and 2. They explain that they are not seeking double recovery "but are rather requesting the relief under alternative theories." (Amend. Compl. ¶ 75 fn. 2, 3) Plaintiffs' proposed Order for Judgment by Default (which was submitted with the supplemental materials filed after oral argument on the Motion) reflects the overlap and does not include double awards.

RIH has not answered the Amended Complaint (nor did it answer the original Complaint), and no attorney has entered an appearance on RIH's behalf. Upon Plaintiffs' application, the Clerk of Court entered default on March 9, 2012. As noted previously, Plaintiffs presently move for default judgment against Defendant RIH on Counts 1 through 3 of the Amended Complaint.[5]

**II.**

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2)

---

[5] The Amended Complaint contains five counts in total. Counts 4 and 5 are asserted against other Defendants who were previously dismissed from this suit.

whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  The decision whether to enter default judgment pursuant to Fed. R. Civ. 55(b)(2) is left to the sound discretion of the district court.  *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984); *see also Chamberlain*, 210 F.3d at 164 (applying abuse of discretion standard of review to denial of motion for default judgment).[6]

Additionally, default judgment cannot be entered on an improperly served complaint.  *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985).  Thus, a plaintiff seeking default judgment must demonstrate proper service upon the defendant against whom default judgment is sought.

---

[6]  While *Chamberlain's* procedural posture is somewhat different from this case in that the defendant in *Chamberlain* untimely answered the Complaint (as opposed to not appearing at all), 210 F.3d at 157, 164, courts in this District have extended *Chamberlain* to cases where the defendant has failed to appear and the motion for default judgment is unopposed.  *See, e.g., Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 U.S. Dist. LEXIS 60707 (D.N.J. May 1, 2012) (Rodriguez, Senior District Judge); *Coach, Inc. v. Fashion Paradise, LLC*, No. 10-4888, 2012 U.S. Dist. LEXIS 7429 (D.N.J. Jan. 20, 2012) (Simandle, Chief District Judge); *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, No. 10-1238, 2011 U.S. Dist. LEXIS 1600 (D.N.J. Jan. 6, 2011) (Kugler, District Judge).

### III.

### A.

At oral argument on the Motion, the Court inquired as to whether the Complaint and Amended Complaint were properly served. After considering Plaintiffs' supplemental submissions, the Court concludes that RIH was properly served.

Pursuant to Fed. R. Civ. P. 4, a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B); or "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), which in this case means "by serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof." N.J. Ct. R. 4:4-4(a)(6).

Plaintiffs filed a return of service for the original Complaint which indicates that the summons and Complaint were left with "Gil Brooks, Esq.," at his law firm's New Jersey office.

Similarly, Plaintiffs' affidavit of service for the Amended Complaint indicates that the Amended Complaint was "served" upon "Gilbert Brooks, Esq.," who is identified as "agent or person in charge of Defendant's office or usual place of business."[7]

Plaintiffs have submitted a document from the State of New Jersey Department of Treasury, Division of Revenue, dated July 30, 2012, identifying Mr. Brooks as RIH's appointed agent for service of process.  (Second Ehrenberg Aff. Ex. A)  The document also indicates that the last change of agent for service of process was in 2010 (id.), thereby supporting the inference that Mr. Brooks was RIH's registered agent for service of process when he was served with the Complaint and Amended Complaint on November 11, 2011 and February 3, 2012 respectively. Accordingly, the Court concludes that RIH was validly served with process.

**B.**

Turning to the *Chamberlain* factors, the Court agrees with Plaintiffs that they will suffer prejudice absent entry of default judgment.  UNITE HERE prevailed in arbitration over a year ago.  The delinquent contributions became due almost two years ago.  Absent an enforceable judgment, Plaintiffs are not

---

[7] The affidavit is a standard form which the process server completes by checking certain boxes on the form.

likely to recover from RIH any of the money to which they are entitled.

Nor does it appear that RIH has a litigable defense.  As to Counts 1 and 2 (the ERISA claims for delinquent contributions), the Arbitrator already rejected RIH's defenses.[8]

As to Count 3 (confirmation of the arbitration award), the available defenses are quite limited because "'[c]ourts are not authorized to review the arbitrator's decision on the merits.'" *The Major League Umpires Ass' v. The American League of Professional Baseball Clubs,* 357 F.3d 272, 279 (3d Cir. 2004)(quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).  "Rather, arbitration awards enjoy a strong presumption of correctness that may be overcome only in certain limited circumstances," *id.* at 280, none of which appear to apply in this case.[9]

---

[8]  As noted above, RIH appeared and defended against the claims in arbitration.

[9]  For example, an arbitration award may be vacated if the arbitrator exceeded his authority or manifestly disregarded the CBA.  *Major League Umpires Ass'n*, 357 F.3d at 279-80.
  Notably, the Court must enforce an arbitration award even when the arbitrator has made a factual or legal error.  *Major League Umpires Ass'n*, 357 F.3d at 280 ("In reviewing an arbitration award, courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.") (internal citation and quotation omitted).  Here Plaintiffs admit that the Arbitrator's award for accrued vacation pay ($773,633.35) was too high.  "[B]ased on a more precise calculation," Plaintiffs now contend that the correct number is $452,451.80. (DeCaprio Aff. ¶¶ 7-8; Exs. B, C, D) (See also Proposed Order, p. 2 n.2).  But even this

Lastly, it appears that RIH has made a deliberate choice not to litigate this case.  In addition to being properly served with process twice, the Court called Mr. Brooks at his law firm and left him a voicemail advising him of the oral argument on the instant Motion.  Despite ample notice, RIH has never appeared or given any other indication that it intends to defend this suit.

Accordingly, the Court concludes that all three *Chamberlain* factors weigh in favor of entering default judgment.

## IV.

For the above-stated reasons, Plaintiffs' Motion for Default Judgment will be granted.  An appropriate Order and Judgment accompany this Opinion.

Dated: August 24, 2012

                                    s/ Joseph E. Irenas
                            **Joseph E. Irenas, S.U.S.D.J.**

---

admitted error does not provide RIH with a litigable defense given this Court's extremely limited scope of review. (Nevertheless, Plaintiffs have "revised down" (Proposed Order, p. 2 n.2) the amount they seek to recover on Count 3 to reflect the more accurate calculation.  Accordingly, the Court will award what Plaintiffs presently seek.)